NO. 07-02-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 25, 2003

_____

GERALD LOYD WRIGHT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,521-C; HON. JOHN T. FORBIS, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Gerald Loyd Wright (appellant) appeals his conviction for possession of a controlled substance with intent to deliver. The clerk's record was filed on September 10, 2002. The reporter's record was filed on November 20, 2002. Thus, appellant's brief was due on December 20, 2002. However, one was not filed on that date. By letter dated December

---

[*] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

30, 2002, we notified appellant's counsel of the expired deadline and directed him to respond to our notification of same by Friday, January 10, 2003, or the appeal would be abated to the trial court pursuant to TEX. R. APP. P. 38.8. On January 9, 2003, we received appellant's motion for extension of time to file brief to February 10, 2003, and also appellant's motion for substitution of counsel, which were both granted. February 10, 2003, passed without appellant submitting his brief.

Consequently, we abate this appeal and remand the cause to the 251st District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent; and,

3.  whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings

2

of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 20, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before March 20, 2003.

It is so ordered.

Per Curiam

Do not publish.